UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CHING FANG CHANG,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>DEPARTMENT OF HOMELAND SECURITY, et al.,<br><br>　　　　Defendants. | Case No. 20-CV-07011-LHK<br><br>**ORDER GRANTING DEFENDANTS' UNOPPOSED MOTION TO DISMISS** |

On January 10, 2020, Plaintiff Ching Fang Chang ("Plaintiff"), proceeding pro se, filed an amended complaint in the Superior Court of California, County of San Francisco. ECF No. 1-1 ("Compl."). On October 8, 2020, Federal Defendants[1] removed the instant case to the Northern

---

[1] Plaintiff's complaint sues a total of 41 defendants, 31 of whom are the Federal Defendants who bring the instant motion to dismiss. The 31 Federal Defendants are the Department of Homeland Security; Department of Homeland Security, United States Immigration and Customs Enforcement; Department of Homeland Security, San Francisco Branch; Department of Homeland Security, Office of Professional Responsibility; Department of Homeland Security, Office of Professional Responsibility, Oakland Branch; Department of Justice; Johnny J. Bailey Jr.; David Jennings; Erik Bonnar; Yakov Grinberg; Liza Bolanos; Carolina Gudino; Ben Pangelinan; Carl Monroy; Cecyle Andrews; Christopher Skaggs; Fabian Saab; Lovedell Galila; Stanley Rily; Christpher Smith; Christopher Howe; Jonathan Chan; David Nawabi; Leonard Opelinia; Ronn O. Mortvedt; Adam Wright; Rachel E. Harper; M. Daniel Ben-Mier; Ernesto Molina; Regan Hildebrand; and Linda Cheng (collectively, "Federal Defendants"). *See* Compl. at 1–8.

1
Case No. 20-CV-07011-LHK
ORDER GRANTING DEFENDANTS' UNOPPOSED MOTION TO DISMISS

District of California. *Id.* On October 15, 2020, Federal Defendants filed the instant motion to dismiss all claims against Federal Defendants for lack of subject matter jurisdiction and failure to state a claim. ECF No. 7 ("Mot.").[2] Plaintiff has also named numerous non-federal defendants in this case, but no non-federal defendant has appeared.[3] Plaintiff's response to the instant motion to dismiss was due on November 2, 2020. However, Plaintiff failed to file a response to the instant motion to dismiss.[4] This case wasreassigned to the undersigned judge on December 1, 2020. ECF No. 18.

Plaintiff has failed to join Federal Defendants in filing joint case management statements, *see, e.g.*, ECF No. 25, and has instead filed letters indicating that Plaintiff does not intend to provide information beyond what is included in the complaint and does not have time to read and cannot understand what is transpiring in the case. *See, e.g.*, ECF No. 27, at 3.

Given Plaintiff's failure to prosecute this case and the merits of the instant unopposed motion to dismiss, the Court GRANTS the instant unopposed motion to dismiss. ECF No. 7. Specifically, the Court holds that it lacks subject matter jurisdiction over Plaintiff's negligence claim against the Department of Justice and its attorneys, and that Plaintiff has failed to state a claim with respect to Plaintiff's remaining causes of action against Federal Defendants. The bases for these holdings are set forth in Federal Defendants' unopposed motion to dismiss and

---

[2] On October 15, 2020, Federal Defendants filed a request for judicial notice of six exhibits concurrently with the motion to dismiss. ECF No. 8. Because the Court does not rely on these exhibits to decide the instant motion to dismiss, the Court DENIES Federal Defendants' request for judicial notice without prejudice.
[3] These defendants are Hercules Police Department; Rodeo-Hercules Fire Protection District; Dan Romero; M. De Ver; C. Kelly; B. Kelly; S. Mccoy; Pinole Fire Department; Pinole Police Department; and unnamed police officers. *See* Compl. at 8-11.
[4] On November 12, 2020, Plaintiff filed a motion to (1) reschedule the November 17, 2020 motion to dismiss hearing, and (2) transfer venue to the Superior Court for the County of San Francisco. ECF No. 11. On November 12, 2020, United States Magistrate Judge Susan van Keulen, to whom this case was originally assigned, vacated the November 17, 2020 motion to dismiss hearing. ECF No. 12. Federal Defendants filed an opposition to Plaintiff's motion on November 27, 2020. ECF No. 14. On December 1, 2020, this case was reassigned to the undersigned judge. ECF No. 18. Plaintiff's request to transfer the instant case to the Superior Court for the County of San Francisco is deemed a motion to remand. As Federal Defendants correctly point out, Plaintiff has asserted claims under the Federal Tort Claims Act that may only be brought in federal court. *Id.* (citing 28 U.S.C. § 1346(b)(1)). Accordingly, Plaintiff's motion is DENIED.

2
Case No. 20-CV-07011-LHK
ORDER GRANTING DEFENDANTS' UNOPPOSED MOTION TO DISMISS

supporting declaration. *Id*; ECF No. 15-1.[5] Specifically, Federal Defendants' motion to dismiss has merit on at least five grounds.

First, Plaintiff alleges various employment claims against several offices of the Department of Homeland Security ("DHS") and United States Immigration and Customs Enforcement ("ICE"), as well as a number of Plaintiff's supervisors and co-workers. *See* Compl. at 1–7 at 12–13. Under Title VII of the Civil Rights Act of 1964, "in a civil action alleging employment discrimination by the government, 'the head of the department, agency, or unit, as appropriate, shall be the defendant.'" *Vinieratos v. U.S. Dep't of Air Force*, 939 F.2d 762, 772 (9th Cir. 1991) (quoting 42 U.S.C. § 2000e-16(c)). Thus, the head of the department is the proper defendant in actions alleging employment discrimination against the government and "there is no personal liability for employees, including supervisors" under Title VII. *Greenlaw v. Garrett*, 69 F.3d 994, 1001 (9th Cir. 1994). According, the Court DISMISSES Plaintiff's employment discrimination claims against the individual DHS/ICE offices and the following supervisors and co-workers of Plaintiff: Leonard Opelinia; Ronn Mortvedt; Adam Wright; Rachel Harper; M. Daniel Ben-Meir; Johnny Bailey Jr.; David Jennings; Erik Bonnar; Yakov Grinberg; Liza Bolanos; Carolina Gudino; Ben Pangelinan; Carl Monroy; Cecyle Andrews; Christopher Skaggs; Fabian Saab; Lovedell Galila; Stanley Rily; Christpher Smith; Christopher Howe; Jonathan Chan; and David Nawabi.

Second, Plaintiff alleges that she experienced "bullying" and a "hostile work environment." Compl. at 13, 29–30. However, Plaintiff has failed to state a claim for a hostile work environment under Title VII. "An employer is liable under Title VII for conduct giving rise to a hostile environment where the employee proves (1) that [she] was subjected to verbal or physical conduct of a harassing nature, (2) that this conduct was unwelcome, and (3) that the

---

[5] On November 30, 2020, Federal Defendants filed an administrative motion to supplement the record with a declaration from Elijah F. Jenkins, a supervisory technical support specialist within the Department of Justice. ECF No. 15. Plaintiff does not oppose Federal Defendants' administrative motion to supplement the record. Accordingly, the Court GRANTS Federal Defendants' administrative motion.

3
Case No. 20-CV-07011-LHK
ORDER GRANTING DEFENDANTS' UNOPPOSED MOTION TO DISMISS

conduct was sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment." *Pavon v. Swift Trans. Co., Inc.*, 192 F.3d 902, 908 (9th Cir. 1999). Moreover, Plaintiff must allege that she was discriminated against "because of [Plaintiff's] race, color, religion, sex, or national origin." 42 U.S.C. § 2000e–2(a)(1). Here, Plaintiff fails to allege that any bullying or discrimination she experienced in the workplace was due to Plaintiff's "race, color, religion, sex, or national origin." As such, Plaintiff has failed to state a claim for a hostile work environment under Title VII. Accordingly, the Court DISMISSES Plaintiff's claim for a hostile work environment under Title VII against the Federal Defendants.

Third, Plaintiff alleges that she experienced "Non-Stop Retaliations" and "Direct and Indirect Retaliations." Compl. at 13. "To make out a prima facie case [Plaintiff] must establish that [Plaintiff] acted to protect her Title VII rights, that an adverse employment action was thereafter taken against her, and that a causal link exists between these two events." *Steiner v. Showboat Operating Co.*, 25 F.3d 1459, 1464 (9th Cir. 1994); *Kortan v. California Youth Auth.*, 217 F.3d 1104, 1112 (9th Cir. 2000) (same). Here, Plaintiff has failed to allege that Plaintiff acted to protect her Title VII rights and was retaliated against as a result of that action. Accordingly, the Court DISMISSES Plaintiff claim for retaliation against the Federal Defendants.

Fourth, Plaintiff appears to argue that the Department of Justice and its attorneys were negligent with regards to their handling of a case involving Plaintiff. *See Compl.* at 65–66. The Federal Tort Claims Act, 28 U.S.C. §§ 2671 ("FTCA") is the exclusive waiver of sovereign immunity for actions sounding in tort against the United States, its agencies, or its employees acting within the scope of their employment. *See Wilson v. Drake*, 87 F.3d 1073, 1076 (9th Cir. 1996) (explaining that the FTCA is the exclusive remedy for actions sounding in tort against the United States, its agencies, or its employees). Section 2675(a) of the FTCA requires that Plaintiff exhaust her administrative remedies prior to bringing suit under the FTCA. *See* 28 U.S.C. § 2675(a) (explaining that a claim for money damages against the United States may not be brought until a claim has been submitted to the appropriate federal agency and denied). Under Ninth Circuit law, "[t]he requirement of an administrative claim is jurisdictional." *Brady v. United*

4

*States*, 211 F.3d 499, 502 (9th Cir. 2000). "Because the requirement is jurisdictional, it 'must be strictly adhered to. This is particularly so since the FTCA waives sovereign immunity. Any such waiver must be strictly construed in favor of the United States.'" *Id.* (quoting *Jerves v. United States*, 966 F.2d 517, 521 (9th Cir. 1992)).

Plaintiff has failed to provide any evidence that she filed an administrative claim with the Department of Justice prior to initiating this lawsuit. *See* Mot. at 10–11. Accordingly, the Court cannot establish that it has subject matter jurisdiction over Plaintiff's claim for negligence against the Department of Justice and its attorneys and therefore must DISMISS Plaintiff's claim for negligence against Federal Defendants.

Finally, Plaintiff lists a number of other "Unreasonable and Unfair Issues," including "Intentionally To Against or To Against Intentionally"; "Long Time Corruption"; "Conspiracies"; "Unreasonable and Being Unreasonable Intentionally with Anticipation." Compl. at 12–13. These "Issues" are either unintelligible or do not state a claim for which relief can be granted by the Court. At best, these are "boilerplate allegation[s]" that fail to state a claim and must be dismissed under Federal Rule of Civil Procedure 12(B)(6). *Williams v. California*, 764 F.3d 1002, 1017 (9th Cir. 2014) (dismissing claims based on mere "boilerplate allegation" that failed to "rise above the speculative level"). The Court therefore DISMISSES Plaintiff's remaining list of "Unreasonable and Unfair Issues" against Federal Defendants for failure to state a claim.

For the foregoing reasons, the Court GRANTS Federal Defendants' unopposed motion to dismiss with leave to amend all claims against Federal Defendants in Plaintiff's amended complaint. Plaintiff shall file any amended complaint within 30 days of this Order. Failure to do so, or failure to cure deficiencies identified herein or identified in the instant unopposed motion to dismiss, will result in dismissal of the deficient claims with prejudice. Plaintiff may not add new claims or parties without a stipulation or leave of the Court. Plaintiff must attach a redline copy comparing the second amended complaint with the amended complaint.

Furthermore, the Court again advises Plaintiff to contact Kevin Knestrick, the experienced and knowledgeable Federal Pro Se Program attorney, who can advise Plaintiff regarding the

5
Case No. 20-CV-07011-LHK
ORDER GRANTING DEFENDANTS' UNOPPOSED MOTION TO DISMISS

litigation of this case. Mr. Knestrick is located at the U.S. Courthouse, 280 S. 1st Street, 2nd Floor, Room 2070, San Jose, California 95113 and may be contacted at 408-297-1480. Additional information regarding the Federal Pro Se Program is available at http://cand.uscourts.gov/helpcentersj.

**IT IS SO ORDERED.**

Dated: July 15, 2021

*Lucy H. Koh*
LUCY H. KOH
United States District Judge